UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ANGELA NAILS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV421-158 |
| ) | |
| CHATHAM COUNTY ) | |
| SHERIFF'S OFFICE, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se*, has submitted a Complaint alleging that she was unlawfully detained by law enforcement. Doc. 1. In conjunction with her Complaint, she filed a motion for leave to proceed *in forma pauperis* (IFP). Doc. 2. The motion contained multiple deficiencies, including the failure to disclose the source of claimed income and claiming exemptions from disclosing certain required information. *See id*. The Court ordered plaintiff to file a supplemental motion correcting the identified problems. Doc. 4  She has filed a new motion to proceed IFP; however, she has failed to fully comply with the Court's instructions. Doc.

7. Therefore, the motions for leave to proceed *in forma pauperis* should be denied and the Complaint dismissed.

    This Court has the authority to prune cases from its docket where parties have failed to comply with its Orders.  *See* S.D. Ga. L. Civ. R. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. Jun. 10, 1992).  Plaintiff was expressly directed to fully answer every question in completing her supplemental IFP motion and was warned that further attempts "to conceal or obfuscate her financial status" will not be tolerated.  Doc. 4 at 2–3.  Despite the Court's direction, the supplemental motion does not provide the source of $144 of claimed monthly income, the amount a cash held, the estimated value of jewelry, plaintiff's age, nor her educational level. Doc. 7 at 2, 3, & 5.  She has also again claimed exemptions from disclosing funds held in bank accounts.  *Id.* at 2.  She asserts that the exemptions are permitted under Georgia law, but does not point to any specific authority and the Court,

which routinely reviews such motions, is aware of no such exemption. *Id.* at 2 & 5.

Accordingly, as plaintiff has failed to comply with an Order of the Court, the motions for leave to proceed *in forma pauperis* should be **DENIED**, docs. 2 & 7, and the Complaint should be **DISMISSED**. This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648

F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 26th day of August, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA