IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ANGELA NAILS,                    )
                                 )
        Plaintiff,               )
                                 )
v.                               )    CASE NO. CV421-158
                                 )
CHATHAM COUNTY SHERIFF'S         )
OFFICE,                          )
                                 )
        Defendant.               )
                                 )

## O R D E R

Before the Court is the Magistrate Judge's August 26, 2021,
Report and Recommendation (Doc. 8), to which Plaintiff has filed
an objection (Doc. 9). After a careful de novo review of the
record, the report and recommendation is **ADOPTED** as the Court's
opinion in this case. (Doc. 8.)

At the time of filing her Complaint, Plaintiff filed a Motion
for Leave to Proceed In Forma Pauperis (IFP). (Doc. 2.) In
considering the motion, the Magistrate Judge found that Plaintiff
failed to disclose all pertinent and requested information. (Doc.
4.) The Magistrate Judge specifically noted that Plaintiff failed
to clearly identify the sources of her income or to itemize her
monthly expenses. (Id. at 1-2.) Plaintiff also, without support,
responded "excempt" [sic] to requests to disclose assets. (Doc. 2
at 2.) The Magistrate Judge ordered Plaintiff to file a
supplemental motion correcting these deficiencies. (Doc. 4 at 2.)

In doing so, the Magistrate Judge cautioned Plaintiff that the Court would "not tolerate future attempts [to] avoid providing requested information." (Id.)

Plaintiff filed a supplemental motion which again included many of the deficiencies previously identified by the Magistrate Judge. (Doc. 7.) Among them was Plaintiff's failure to disclose the source of $144 in monthly income, the amount of cash held, the estimated value of jewelry, her age, and education level. (Id.) Plaintiff also reiterated claims of exemption for disclosing her assets. (Id.) As a result, the Magistrate Judge recommended that Plaintiff's motions for leave to proceed IFP be denied and the case be dismissed for Plaintiff's failure to comply with the Court's order. (Doc. 8.)

Plaintiff has filed what she captions as a "Motion Appealing of the Court Decision August 26, 2021." (Doc. 9.) No appealable decision or order was entered in this case on August 26, 2021. The Court, however, construes the filing as an objection to the Magistrate Judge's report and recommendation of August 26, 2021. See Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." (quoting Castro v. United States, 540 U.S. 375, 381, 124 S. Ct. 786, 791, 157 L. Ed. 2d 778 (2003))).

In her objections, Plaintiff appears to clarify that the $144.00 in undisclosed income relates to "veteran compensation." (Doc. 9.) Plaintiff, however, has provided no explanation for the other information missing from her motion. Instead, she again asserts that the exemptions are permissible. (Id.) In doing so, Plaintiff makes a vague reference to a law or policy of the state of Georgia allowing such exemptions, though no specific citation is offered. (Id.) Even if such a legal source were to exist under state law, it would not be relevant to this matter before a federal court. Plaintiff was extended an opportunity to provide the Court with the information needed to consider her motion for leave to proceed IFP, and she consciously chose to withhold the necessary information. The Court has wide discretion in whether to waive its fees, and in this matter, such privilege will not be afforded. Thomas v. Sec'y of Dep't of Veterans Affs., 358 F. App'x 115, 116 (11th Cir. 2009) (the Court "has wide discretion in ruling on an application for IFP status, and should grant the privilege 'sparingly' in civil cases for damages"). Furthermore, as Plaintiff blatantly disregarded the express instructions of the Court and its warning to avoid further obfuscation of her finances, dismissal is an appropriate sanction.[1] See S.D. Ga. L.R. 41(b).

---

[1] Even if Plaintiff's objections were meritorious, the Court's decision to dismiss this case is further influenced by the fact that the only named defendant is the Chatham County Sheriff's Office, an entity not capable of being sued. Thrasher v. Hall

Therefore, Plaintiff's objections are **OVERRULED**, and the Court **ADOPTS** the Report and Recommendation as its opinion in this case. (Doc. 8.) Plaintiff's motions for leave to proceed IFP are **DENIED** (Docs. 2 & 7), and the complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED** this _13th_ day of September 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

Cnty., No. 2:14-CV-00148-RWS, 2015 WL 751715, at *2-3 (N.D. Ga. Feb. 23, 2015); see also Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992)).